IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE GARCIA PACHECO, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 25 C 13405 |
| SAM OLSON, Director, Chicago Field Office, Immigration and Customs Enforcement, et al., | ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jose Garcia Pacheco, a noncitizen, has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement.

### Background

Garcia Pacheco is a native of Mexico. He entered the United States without inspection more than thirty years ago and has resided in the country since his entry. On November 1, 2025, ICE detained Garcia Pacheco. He filed this petition for writ of habeas corpus the same day. The Court temporarily precluded the removal of Garcia Pacheco from the United States and from Illinois, Indiana, or Wisconsin. ICE has now initiated removal proceedings against him. Garcia Pacheco remains in custody. The parties have agreed to waive oral argument on the petition.

### Discussion

A district court may grant a writ of habeas corpus to any person who

demonstrates that he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

Garcia Pacheco filed a petition for writ of habeas corpus alleging that he is being unlawfully detained because respondents will not provide him a bond hearing, as required under 8 U.S.C. § 1226(a). The respondents argue that the Court lacks jurisdiction and that, even if the Court's review is not barred, Garcia Pacheco is not entitled to release because he is lawfully detained under 8 U.S.C. § 1225(b)(2)(A).[1]

As discussed below, the Court concludes that it has jurisdiction over Garcia Pacheco's petition and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) at which the government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or flight risk.

**A.     Jurisdiction**

The government argues that three sections of the Immigration and Nationality Act strip the Court of jurisdiction over Garcia Pacheco's claims: 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii).

**1.     Section 1252(g)**

The government argues that § 1252(g) bars jurisdiction because Garcia Pacheco is attempting to use his petition to undermine his removal proceedings. Section 1252(g)

---

[1] Respondents state that the arguments from the brief filed in another case in this district, *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025), apply to this case. Respondents reference several specific arguments from that brief, but do not specifically reference the argument that all respondents except Olson should be dismissed due to lack of standing. Garcia Pacheco does not respond to this argument in his reply. The respondents do not argue in the brief in this case or in the brief adopted from *H.G.V.U.* that Garcia Pacheco has not named his immediate custodian as a respondent. Thus, even if respondents adopted this argument, it would not impact Garcia Pacheco's petition.

provides that "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Seventh Circuit has stated, however, that § 1252(g) "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). A detainee's claims that challenge fundamental legal errors that may violate the detainee's due process rights do not challenge the decision "to commence proceedings, adjudicate cases, or execute removal orders." *Id.* Garcia Pacheco's petition challenges the unlawful nature of his detention without a bond hearing, not the respondents' decision to commence proceedings, adjudicate cases, or execute removal orders. The Court concludes that Garcia Pacheco's claim is outside the narrow reach of § 1252(g).

  2. **Section 1252(b)(9)**

Additionally, the respondents contend that Garcia Pacheco's claim is precluded by § 1252(b)(9) because it requires the Court to answer legal questions that arise from the decision to remove a noncitizen. Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law," to review any questions of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States" except via judicial review of a final order of removal. 8 U.S.C. § 1252(b)(9). Again, Garcia Pacheco's claim challenges his detention, not any action or decision related to his removal proceedings, and therefore this Court's review

3

is not precluded by § 1252(b)(9).

### 3. Section 1252(a)(2)(B)(ii)

The respondents finally argue that § 1252(a)(2)(B)(ii) bars review of the "discretionary decision" to detain Garcia Pacheco. Section 1252(a)(2)(B)(ii) states: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1226(a) states: "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The respondents contend that the word "may" in § 1226(a) means that Garcia Pacheco's detention is a discretionary decision that is insulated from judicial review by § 1252(a)(2)(B)(ii). But Garcia Pacheco seeks review of the scope of the respondents' detention authority under the immigration detention statutes. This threshold legal question is "not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The Court concludes that it has jurisdiction over Garcia Pacheco's claims.

### B. Basis for detention

Two provisions of the INA govern detention of noncitizens: § 1225 and § 1226. The respondents argue that—even if the Court has jurisdiction—Garcia Pacheco is not eligible for release because he is detained under § 1225(b)(2)(A). Garcia Pacheco responds that he cannot be detained under § 1225(b)(2)(A) because he was not "seeking admission" at the border at the time of his arrest. Instead, Garcia Pacheco argues, § 1226(a) governs his detention because he was already present in the United

4

States when he was arrested and detained.

Numerous judges in this district—including this Court—have held that § 1226(a), not § 1225(b)(2)(A), governs detention of noncitizens who are already in the country because they are no longer "seeking admission."  See, e.g., *Cabrera v. Noem*, No. 25 C 12160, 2025 WL 3171288, *3 (N.D. Ill. Nov. 13, 2025) (Kennelly, J.); *Lopez Briseno v. Noem*, No. 25 C 12092, 2025 WL 3145985, *2-3 (N.D. Ill. Nov. 11, 2025) (Kennelly, J.); *Garcia Rios v. Noem*, No. 25 C 13180, 2025 WL 3124173, *3 (N.D. Ill. Nov. 7, 2025); *Galvis Cortes v. Olson*, No. 25 C 6293, 2025 WL 3063636, *4 (N.D. Ill. Nov. 3, 2025) (Kennelly, J.); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, *6 (N.D. Ill. Oct. 24, 2025); *Padilla v. Noem*, No. 25 C 12462, 2025 WL 2977742, *4 (N.D. Ill. Oct. 22, 2025); *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025); *Ochoa Ochoa* v*. Noem,* No. 25 C 10865, 2025 WL 2938779, at *7 (N.D. Ill. Oct. 16, 2025).

The respondents argue that these decisions are incorrect because any noncitizen who has not been lawfully admitted to the country is "seeking admission" and thus is subject to mandatory detention based on the plain language of § 1225(b)(2)(A). Garcia Pacheco argues that these decisions are correct because, as the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018), § 1225(b)(2)(A) only applies to noncitizens "seeking admission into the country," and § 1226(a) applies to noncitizens "already in the country."  Respondents cite, without argument, one of the few district court decisions that disagree with the Court's interpretation of § 1225(b)(2)(A) and § 1226(a), *Mejia Olalde v. Noem*, No. 25 C 168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025).   Another judge in this district aptly addressed the conflicts

5

between the reasoning in *Mejia Olalde* and the plain language of § 1225(b)(2)(A) and § 1226(a). *Ruiz Melesio v. Olson*, No. 25 C 13291, Dkt. No. 9 at 3-4 (N.D. Ill. Nov. 17, 2025). The Court agrees with *Ruiz Melesio*'s analysis and concludes that respondents have provided no compelling reason to depart from its previous decisions.[2]

Garcia Pacheco has resided in the country for more than thirty years. He is not "seeking admission into the country." *Jennings*, 583 U.S. at 289. Thus mandatory detention under § 1225(b)(2)(A) does not apply, and Garcia Pacheco is instead subject to discretionary detention under § 1226(a).

**C.    Due process**

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. at 690. The Supreme Court has held that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

To determine whether a violation of procedural due process has occurred, courts balance three factors: (1) whether a private interest is implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and

---

[2] For additional analysis supporting the Court's decision, see *Galvis Cortes*, 2025 WL 3063636, at *4, and *Lopez Briseno*, 2025 WL 3145985, at *2-3.

administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

The Court concludes that the respondents' detention of Garcia Pacheco under § 1226(a) without a bond hearing violates his right to procedural due process.[3] Garcia Pacheco has a private interest in being released from custody. The respondents' decision to detain him erroneously deprives him of that interest. And the government's interest in detaining him without a bond hearing, including any fiscal and administrative burdens, is minimal at best.

Finally, the standard of proof "serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas*, 441 U.S. 418, 423 (1979). At his bond hearing, the government must prove that detention of Garcia Pacheco is justified by clear and convincing evidence of his dangerousness or flight risk. *See Galvis Cortes*, 2025 WL 3063636, at *6.

## Conclusion

For the reasons stated above, the Court grants Garcia Pacheco's petition for a writ of habeas corpus [dkt. no. 1]. Respondents must, by December 4, 2025, release Garcia Pacheco under reasonable conditions of supervision unless he has, by that date, been provided with a bond hearing before an immigration judge, at which the

---

[3] The respondents argue that Garcia Pacheco has failed to exhaust administrative remedies. Judicial discretion governs whether exhaustion should be required in this case. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Because the immigration court would deny any request for a bond hearing under *Yajure Hurtado*, any attempt to exhaust administrative remedies by requesting a bond hearing would be futile.

7

government shall bear the burden of justifying his continued detention, by clear and convincing evidence of dangerousness or flight risk. The Court directs the parties to file a status report on or before December 8, 2025 that addresses Garcia Pacheco's release status, including when he received a bond hearing, the result of that bond hearing, and the findings made by the immigration judge. The stay previously entered by the Court on November 3, 2025 is extended through December 12, 2025. A telephonic status hearing is set for December 12, 2025 at 8:50 AM, using call-in number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 25, 2025